**Marvin John COBB, Appellant**

v.

**Mr. L. WEYANDT, Supervisor.**

**No. 09–2763.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 10, 2009.

Opinion filed Dec. 30, 2009.

Marvin J. Cobb, Valley Stream, NY, for Appellant.

Robert L. Eberhardt, Esq., Megan E. Farrell, Esq., Office of the United States Attorney, Pittsburgh, PA, for Appellee.

Before: BARRY, FISHER and VAN ANTWERPEN, Circuit Judges.

## OPINION

### PER CURIAM.

Marvin Cobb, a former federal prisoner proceeding *pro se*, appeals from the District Court order granting the Defendant's motion for summary judgment. Because the appeal does not present a substantial question, we will summarily affirm. *See* 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

### I

In 2007, while an inmate at FCI–Loretto, Cobb filed in the District Court a *Bivens* action[1] against Weyandt, a work supervisor at the institution. Cobb, a disabled veteran, worked at the prison powerhouse beginning in 2005. Cobb alleged that Weyandt, his supervisor, discriminated against him in hiring and assignment decisions based on Cobb's disability and status as a veteran. In his complaint, Cobb raised claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Vietnam Veterans' Readjustment Assistance Act, and sought compensatory and punitive damages.

Cobb was released in June 2008, while his action was pending in the District Court. The defendant later filed a combined motion to dismiss and motion for summary judgment, arguing that Cobb failed to exhaust his available administrative remedies. In support of the motion, the defendant submitted an affidavit from a BOP paralegal who attested to Cobb's failure to pursue the administrative remedy system. The District Court granted summary judgment for the defendant, and Cobb filed a timely notice of appeal.

### II

We have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the non-moving party. *Dee v. Borough of Dunmore,* 549 F.3d 225, 229 (3d Cir.2008). We apply the same standard that governs in district court proceedings, under which "a party is entitled to summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)).

Under the PLRA, no prisoner may file a civil action regarding the conditions of his

---

1. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

confinement under any federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and prisoners must exhaust all "available" remedies, even when the specific relief sought cannot be granted as a result of the administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Failure to employ the system of administrative remedies procedurally defaults any federal claim. *See Spruill v. Gillis,* 372 F.3d 218, 230 (3d Cir.2004). In determining whether the exhaustion requirement applies, courts look to whether plaintiff was a prisoner at the time of filing. *See* § 1997e(a); *Witzke v. Femal,* 376 F.3d 744, 750 (7th Cir.2004); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir.2001) (en banc).

In granting the summary judgment motion, the District Court reasoned that Cobb's complaint was barred because he had not exhausted available administrative remedies. Cobb did not dispute this fact, and in fact conceded it in his objections to the Magistrate Judge's report and recommendation. Cobb argued that administrative exhaustion was unnecessary for claims raised under the ADA—an argument the District Court properly rejected. *See O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1060–61 (9th Cir.2007) (holding that the PLRA requires exhaustion of administrative remedies before an action may be brought under any federal law, including the ADA and Rehabilitation Act). Because it is clear that Cobb's complaint, filed during his incarceration, related to the conditions of his confinement and that he failed to exhaust available administrative remedies, we agree that the defendant was entitled to summary judgment.[2]

Accordingly, we will affirm the decision of the District Court.

---

**2.** We also note that although Cobb was released in June 2008, he initiated proceedings in the District Court in April 2007, and his complaint alleged that some of the defendant's allegedly discriminatory conduct occurred as early as 2005. Thus, he had ample time to pursue and exhaust any available administrative remedies.